UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SYLWESTER MROCZEK,

                Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

                Respondents.

No. C07-0069MJP

ORDER DENYING MOTION TO DISMISS AND SETTING EVIDENTIARY HEARING

This matter comes before the Court on an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 3.) Plaintiff has also moved to request that the Court schedule a naturalization hearing. (Dkt. Nos. 1 and 4.) The Government has filed a brief that is both a response to the Court's Order to Show Cause and Plaintiff's Motion as well as a Motion to Dismiss or Remand. (Dkt. No. 5.) Having reviewed Plaintiff's motion, the Government's Response, Plaintiff's Response (Dkt. No. 6), the Government's Reply (Dkt. No. 7), all documents submitted in support thereof, and the record in this case, the Court DENIES the Government's motion to dismiss, GRANTS IN PART Plaintiff's motion to schedule a naturalization hearing, and sets a date for a hearing at which both parties may present evidence regarding whether the Court should immediately naturalize Mr. Mroczek.

**Background**

Plaintiff Sylwester Mroczek was born in Poland and has been a lawful permanent resident of the United States since March 1989. On March 31, 2005, he filed an application for naturalization with the United States Citizenship & Immigration Services ("USCIS"). On August 1, 2005, Mr.

ORDER - 1

1  Mroczek met with USCIS officials for his citizenship interview.  Mr. Mroczek alleges that he passed
2  the English language, and U.S. history and government tests, that he met the citizenship eligibility
3  requirements, and that the only reason approval has been withheld is that the Federal Bureau of
4  Investigation (FBI) has not yet completed a "name check" of Mr. Mroczek.  On January 16, 2007,
5  Mr. Mroczek filed this action, which requests that the Court approve his naturalization application.
6  On March 12, 2007, USCIS asked the FBI to expedite the name check.  (Harrison Decl. ¶ 14.)  When
7  he filed his petition in this Court, more than a year had passed since Mr. Mroczek's interview, and the
8  Government had not acted on his naturalization application.  The Government maintains that it cannot
9  process Mr. Mroczek's naturalization application because Mr. Mroczek's background investigation,
10 specifically his name check, is not yet complete.

**Discussion**

**I.  Jurisdiction**

The Court has jurisdiction over this matter.  As the Government is well aware, this Court has previously decided that it has subject matter jurisdiction over this type of case under 8 U.S.C. § 1447(b). Aslam v. Gonzales, No. C06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. Dec. 19, 2006); Said v. Gonzales, No. C06-986, 2006 U.S. Dist. LEXIS 67750 (W.D. Wash. Sept. 21, 2006). 8 U.S.C. § 1447(b) provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

Under this authority, the Court has jurisdiction over this matter if USCIS has not made a naturalization determination within 120 days of "the examination."  Defendants argue that the Court should follow the reasoning of Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005), and hold that the Court lacks jurisdiction over this matter until 120 days after the Government completes its

ORDER - 2

1 entire background investigation of Plaintiff. The Court declines to follow the reasoning in Danilov,[1]
2 and instead agrees with the majority of district courts to consider the issue, which have concluded
3 that the word "examination" in § 1447(b) refers to the date of the examination interview with a
4 USCIS officer, and not the entire examination process. See Thao Van Nguyen v. Gonzalez, No. H07-
5 0048, 2007 U.S. Dist. LEXIS 15646, at *8-9 (S.D. Tex. March 9, 2007) (citing cases); Kheridden v.
6 Chertoff, No. 06-4792, 2007 U.S. Dist. LEXIS 13571, at *8-13 (D. N.J. Feb. 27, 2007); El-Daour v.
7 Chertoff, 417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005). The statute and accompanying regulations
8 use the term "examination" to refer to the interview date, not, as the Danilov court concluded, the
9 entire process of conducting the interview and completing the background checks. See 8 U.S.C. §
10 1447(b) (stating that the operable date is the "date on which the examination is conducted")
11 (emphasis added); 8 C.F.R. § 335.1 (mandating that USCIS "conduct an investigation of the
12 applicant" that includes "a review of all pertinent records, [and] police department checks. . . ."); 8
13 C.F.R. § 335.2(b) (stating that full criminal background check must be completed before examination
14 is conducted); see also United States v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir. 2004) (noting that
15 the "statute provides that, if the INS fails to make a decision regarding a naturalization application
16 within 120 days of an applicant's first interview," the applicant may seek a judicial hearing on the
17 matter). Thus, the Court has jurisdiction if USCIS fails to make a decision on the naturalization
18 application within 120 days of the applicant's interview.

19 Mr. Mroczek was interviewed by USCIS on August 1, 2005, triggering the start of the
20 120-day period. Over a year has elapsed between the date of Mr. Mroczek's interview and the filing
21 of his petition on January 16, 2007. This period exceeds the 120-day time limit required under
22 section 1447(b). Therefore, because over 120 days elapsed since Plaintiff's "examination," this Court
23 has subject matter jurisdiction over the issues raised in Plaintiff's motion. Defendants' motion to
24 dismiss is therefore DENIED.

---

[1] A minority of district courts have agreed with the reasoning in Danilov. See, e.g., Damra v. Chertoff, No. 1:05CV0929, 2006 U.S. Dist. LEXIS 45563 (N.D. Ohio June 23, 2006); El Kassemi v. Dept. of Homeland Security, No. 06-1010, 2006 U.S. Dist. LEXIS 74516 (D. N.J. Oct. 13, 2006).

ORDER - 3

## II. Statutory & Regulatory Framework Regarding Background Checks

Congress has prescribed several naturalization eligibility requirements, including that the applicant be lawfully present in the United States for at least five years immediately preceding the date of filing and be a person of good moral character. 8 U.S.C. § 1427(a). Congress also requires that a lawful permanent resident undergo a "personal investigation" when applying for naturalization. See 8 U.S.C. § 1446(a). In 1997, Congress emphasized the importance of background checks when it passed legislation mandating that "none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed . . . ." Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, Title I, 111 Stat. 2440, 2448 (1997), reprinted in Historical and Statutory Notes following INA § 335, 8 U.S.C. § 1446 ("Criminal background check as prerequisite to adjudication of application for naturalization"). Regulations describe the minimum requirements for investigating the applicant:

> The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application.

8 C.F.R. § 335.1. As part of its investigation, USCIS conducts various security and background checks, including: (1) an FBI fingerprint check for information related to an applicant's criminal history; (2) an Interagency Border Inspection System name check for information regarding national security risks, public safety issues, and other law enforcement concerns from multiple law enforcement and intelligence agencies; and (3) an FBI name check, which is run against FBI investigative databases containing administrative, applicant, criminal, personnel and other files. (See Harrison Decl. ¶ 4 & April 25, 2006 USCIS "Fact Sheet: Immigration Security Checks — How and Why the Process Works".)

ORDER - 4

### III. Name Check Requirement

In his response to the Government's motion to dismiss, Mr. Mroczek argues that a full background check has already been completed and that USCIS's policy of requiring a name check is ultra vires. Mr. Mroczek argues that the applicable statute and regulations only require that USCIS do a full criminal background check, which, Mr. Mroczek argues, does not include a "name check." The Court does not need to address this argument here. Mr. Mroczek has not brought an affirmative motion challenging the validity of the name check. Moreover, the Court does not need to decide whether the name check requirement is ultra vires to resolve the present motions. Mr. Mroczek is not precluded from raising this issue again in later briefing.

### IV. Available Relief

USCIS has failed to make a determination on Mr. Mroczek's petition for naturalization within 120 days of his examination in violation of 8 U.S.C. § 1447(b). Plaintiff requests that the Court either order that Mr. Mroczek's application for naturalization be granted immediately or schedule a hearing on his naturalization application. Defendants argue that the Court should either (a) remand to USCIS with instructions to adjudicate Mr. Mroczek's application once USCIS receives the name check results, or (b) conduct a full trial on the merits at which Mr. Mroczek will bear the burden of demonstrating that he meets all naturalization requirements.

As the Court explained in Aslam, the Court is not equipped to conduct the kind of investigation required to determine whether an applicant presents a risk to national security or public safety. See El-Daour, 417 F. Supp. 2d at 684. Nevertheless, the Court is disturbed by the possibility that a determination on Mr. Mroczek's naturalization application will be endlessly delayed. Mr. Mroczek is "understandably anxious to complete the naturalization process so he can fully enjoy the benefits of United States citizenship." Id. at 683 (quoting Alkenani v. Barrows, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005)).

Considering both the Government's interest in public safety and national security and Mr. Mroczek's individual interest in having his naturalization application adjudicated, the Court concludes that it is appropriate to hold an evidentiary hearing on whether Mr. Mroczek should be naturalized.

ORDER - 5

The hearing is set for **Friday, July 13, 2007, at 1:30 p.m.** in the courtroom of the Honorable Marsha J. Pechman in the U.S. District Court at 700 Stewart Street in Seattle, WA. If the parties wish to conduct discovery before the hearing, they may ask the Court to set a schedule for doing so.

**Conclusion**

Mr. Mroczek has been a lawful permanent resident of this country for over eighteen years. He has been waiting for the Government to make a decision on his naturalization application for more than a year. The Government has failed to do so in a timely manner. Because this Court has jurisdiction, the Government's motion to dismiss or remand is DENIED, Plaintiff's motion to schedule a naturalization hearing is GRANTED IN PART, and this case is set for an evidentiary hearing on **Friday, July 13, 2007, at 1:30 p.m.** If the Government determines that it is ready to make a decision on Mr. Mroczek's application before July 13, it may file a motion to remand or the parties may file a stipulated and proposed order of remand and dismissal.

The clerk is directed to send copies of this Order to all counsel of record.

Dated this 18th day of May, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 6